26

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TRACY CLARE MICKS HARM**

**PLAINTIFF(S)**

**V.**

**LEAD CASE Civil No. 2:18-cv-12634 -**

**Monroe County Chief Prosecuting Attorney WILLIAM PAUL NICHOLS, et al.,**

**DEFENDANT(S)**

**Honorable Denise page Hood**
**Mag. Judge R. Steven Whalen**

FILED
CLERK'S OFFICE

MAR 2 1 2019

U.S DISTRICT COURT
EASTERN MICHIGAN

-------------------------------------------------

**REQUEST TO COURT**

### PLAINTIFF'S MOTION OF OBJECTION IPATIENTCARE/ UDAYAN MANDAVIA  MOTION TO DISMISS

Here come  plaintiff  Tracy Clare Micks Harm, objecting to IPatientCare / Udayan Mandavia, Motion to Dismiss.

The plaintiff has been injured and placed in false light  by the improper  disclosure, and redisclosure of the plaintiff's  medical . The plaintiff's Medical records  represent a  legally protected  right . Where her medical records were searched and seized  pursuant to a defective search  warrant, in violation of the plaintiff's  4th amendment, 8th amendment, the plaintiff suffered  an invasion  of legally protected rights.  Private entities acting  under the dominion and control  of  the  State of Michigan  become " State Actors." The plaintiff has been denied  of its property  without due process.  A constitutional tort claim arose.  The Plaintiff has standing, with merits,  to  seek redress , allowed  by the first amendment, based on violation of the 4th   Amendment and 8th Amendment  of the US constitution.

IPatientCare / Udaya Mandavia  relied on search warrants, obtained by Affiant  Robert Blair,  certified by Monroe prosecutor Allison Arnold,  issued on 9/23/16 and 8/14/17 ,  signed by Magistrate Jessica Chaffin,  to release of the  medical records of the plaintiff.  IPatientCare is not mentioned in the  affidavit for the 9/23/16 search warrant.  No probable cause existed for  the search and seizure  stored communication data in New-Jersey  in IPatientCare.

1

Prior to 9/21/2015, Robert Blair search and seized  financial records of  Interventional Pain Management PC  from Blue Cross Blue Shield of Michigan without a search warrant.  Robert Blair searched and  seized , without a search warrant,  financial records of direct  deposits of payments at Monroe Bank and Trust, of Blue Cross Blue  Shield of Michigan  payments to  Interventional Pain Management PC.  A  pattern of  transparent  payments  clearly inconsistent  with  financial patterns typically used by drug traffickers.  Robert  Blair , MANTIS,  Monroe Police, Monroe County, the State of Michigan,  the DEA, the federal and state prosecutors  ,  stereotypical  profiling of the treating  physician as  a " drug dealer in white coat" is improper and  unfairly prejudicial to the  plaintiff.

On or around 9/26/2016 ,  the  Plaintiff and several other  people were  patients of doctor Pompy.  The plaintiff and other patients  were associated with  Dr. Pompy via  medical  treatments provided by Dr. Pompy.  On 9/26/16, the medical office of Interventional Pain Management, located  at  the Professional Office  Building of Monroe Regional Hospital , was raided  by  Marc Moore, Brian Bishop, Monroe  Police department, Monroe Vice, the Michigan State  Police, the DEA,  DEA task force officers.  Marc Moore  portrayed  Dr. Pompy as a  drug  dealer in white coat, and  Dr. Pompy's patients, including the plaintiff,  were portrayed as" heroin addicts . "   In  an  article , written  by Ray Kisonas and published  the false statements  in  the Monroe evening Newspaper on 9/27/16. The plaintiff was slandered, defamed, and placed in false light.  For the purpose of an action based on constitutional tort, the plaintiff has associated standing .

Where IPatientCare had to duty to safeguard the medical records, IPatientCare, breached its duty when it released the plaintiff's  medical record on 9/27/16.  The plaintiff was slandered, defamed, and placed in false light. The breach is the proximate cause of injuries  suffered by the plaintiff.

Affiant Robert Blair obtained, Jon Lasota then executed the  search warrants for the plaintiff's  medical records . The medical records  represented summaries of  the  clinical interactions  between  Doctor Pompy and the  Plaintiff. Interventional Pain Management Associates PC, represents  the  first pain medical  office investigated by  Robert  Blair.  Outside  of  the dealing  with illegal drugs transactions, Robert Blair lacks  experience, education, training, competence, in an  investigation of a medical office.

Robert Blair searched and seized  privileged financial information  about  Interventional  Pain Management from Blue Cross Blue Shield prior to 9/21/16, without an affidavit, without a search warrant.

Blue Cross Blue Shield of Michigan  had  a fiduciary duty  to safeguard  the financial information of the bank accounts of :  Interventional  Pain Management PC.  Blue Cross Blue  Shield of Michigan breached

that duty  prior to  9/21/16 by releasing the financial information,  without search warrants and affidavits.

Robert Blair  searched and seized, unrelated  privileged financial property ,  from Monroe Bank and Trust, about : Interventional  Pain Management PC,  Monroe Medical Consulting,  Travel and Lodging, Lesly Pompy, and United Administrative Services of Monroe  INC, on 9/21/16 . Robert Blair had no search warrant, and no probable cause to search and seized  the unrelated  bank  accounts of : Interventional  Pain Management PC,  Monroe Medical Consulting,  Travel and Lodging,  Lesly Pompy, and United Administrative Services of Monroe  INC. ( EXHIBIT C )

Monroe Bank and Trust had a fiduciary duty  to safeguard  the financial information of the bank accounts of :  Interventional  Pain Management PC,  Monroe Medical Consulting,  Travel and Lodging, Lesly Pompy, and United Administrative Services of Monroe  INC. Monroe Bank and Trust breached that duty  on 9/21/16 by releasing the financial information, of unrelated  bank accounts,  without search warrants and affidavits.

The bad faith  taint was ongoing, Robert Blair returned to Monroe Bank and trust on 9/27/16.   Robert Blair  searched and seized, unrelated  privileged financial property ,  from Monroe Bank and Trust, about : Interventional  Pain Management PC,  Monroe Medical Consulting,  Travel and Lodging,  Lesly Pompy, and United Administrative Services of Monroe  INC, on 9/27/16 . Robert Blair had a  search warrant, signed by  Magistrate Tina Todd, but  no probable cause to search and seize  the unrelated  bank accounts of :  Interventional  Pain Management PC,  Monroe Medical Consulting,  Travel and Lodging, Lesly Pompy, and United Administrative Services of Monroe  INC.

Monroe Bank and Trust had a fiduciary duty  to safeguard  the financial information of the bank accounts of :  Interventional  Pain Management PC,  Monroe Medical Consulting,  Travel and Lodging, Lesly Pompy, and United Administrative Services of Monroe  INC. Monroe Bank and Trust breached that duty  on 9/27/16 by releasing the financial information, of unrelated  bank accounts,  with a defective search warrants and affidavits. Monroe Medical Consulting,  The affidavit and the search warrant of 9/27/17  Travel and Lodging, and United Administrative Services of Monroe  INC, are not mentioned at all in the affidavit , nor in the search warrant.

Where  Dr. Pompy is  a board certified anesthesiologist,  with board specialization in Pain Management by the American Society of Anesthesiologists, and   Board Certified  in Addiction medicine; Robert Blair lack  competence to  determine , medical treatment that are  medically  consistent with the Standard of Care , against  those  medical  standards that are outside  of  the standard of care.  As a board certified pain management specialist , an a board certified addiction specialist,  it is  expected  that Dr. Pompy would have  multiple patients referred to him, with the expectation of pain relief.

Pursuant to the Controlled Substance Act, § 802 ( 56) Robert Blair lack competence, education , training, and experience in the differentiation of , criminal acts vs medical factors, in the determination of probable cause of a search warrant of a medical office. Robert Blair lacked competence in   chronic pain treatment,   addiction treatment,  anesthesiology nerve blocks, in comparison, to illegal  drug dealing.

Pursuant to their prior authorization policy, Blue cross blue shield of Michigan approved many of the prescriptions for controlled substance, prescribed for patients. Blue Cross Blue Shield of Michigan, knew, or should have known that the plaintiff's doctor was not a drug trafficker.

The jurisdiction of the Monroe District is limited in its geographical scope, and amount of money in controversy. Magistrate Jessica Chaffin, Tina Todd and their supervising Judge Vitale exercised judicial functions outside the scope of their jurisdiction. The error was not harmless, and negates any judicial immunity afforded to Jessica Chaffin, Tina Todd, and Judge Vitale.

The Search warrant was obtained in Monroe District Court, located in the State of Michigan, of the United States of America. Where IPatientCare and Udayan Mandavia are a Citizen of the State of New-Jersey, the Monroe District Court lacked  jurisdiction over the  New-Jersey Citizen.


Robert Blair erred in the affidavit when he portrayed Dr. Pompy as a "drug trafficker." The plaintiff's was presumed,  in false lights, as a " drug addict" and denied  medical care..

On September 27,2016,  Monroe Evening  Newspaper Ray Kisonas reported The plaintiff and all of Dr. Pompy's patients were presumed to be  " drug addicts" and denied medical care.  The plaintiff was squeezed to seek, riskier alternative medical care.

The affidavits of the search warrants is based on perjury,  based on questionable facts, based on hearsay, based on an unreliable Blue Cross Blue Shield  employee James Howell acting as a State Actor, based on the presentation of false documents to Monroe Walgreen pharmacists, effectively  making the affidavit, at least "questionable".

Beyond criminal acts involved in the obtaining of  the affidavit, signed by  Detective Blair and Allison Arnold,  for the obtaining of the  9/23/16 search warrant. Further acts of  forgery  occurred, continue to occur,  so  to broaden the scope of the search warrant, in bad faith.


Against the public interest, the caption on the search warrant was concealed. The caption on the different  versions  of  the search warrant is  missing ( Exhibit A, Exhibit B) . The Court of origin is missing in the search warrant on 9/23/16 . With such error, it was legally and factually impossible for IPatientCare to decide on the  : validity, jurisdiction,  legitimacy of the search warrant.

Michigan State Police officer, Jon Lasota submission of the 9/23/16 search warrant to IPatientCare violated the statutory jurisdictional power of the Monroe, Michigan, District Court. Via a captionless search warrant, the Monroe District Court, attempted to grant, the Michigan State Police, jurisdiction over a New-Jersey Citizen.

A search warrant must name the place to be searched and the objects to be seized. The affidavit, and both versions of the 9/23/16 search warrants do not name IPatientCare, as the place to be seized. The Affidavit to the 9/23/16 Search Warrant lacks probable cause for the search of IPatientCare.

One of the 9/23/16 search warrants, used to search and seize items from Interventional Pain Management Associates PC and Lesly Pompy at 730 N. Macomb Street, the date of birth and social security number are listed in paragraph : "A. B, C, E".. The search warrant was rubber stamped signed by Magistrate Jessica Chaffin. Lacking a notary public seal, lacking a court seal, lacking a time-stamp, lacking court transcripts indicating the location and the time of the signing, both 9/23/16 search warrants are defective.

The second version of the 9/23/16 search warrant, addressed to Interventional Pain Management, was executed on third party IPatientCare. No third party consent was obtained. The execution of the search warrant was defective.

The second version of the 9/23/16 search warrant, used to search and seized plaintiff's medical records from IPatientCare in New-Jersey, the date of birth and social security number of Lesly Pompy, are NOT listed in paragraph : "A. B, C, E".. The search warrant was rubber stamped signed by Magistrate Jessica Chaffin. It is factually impossible for Magistrate Jessica Chaffin to have signed different versions of the 9/23/16 search warrant with a single affidavit, and a single signature.

The Monroe District Court ceded jurisdiction to The Monroe Circuit Court to allow a Civil Forfeiture action. On December 22, 2016, Monroe Assistant Prosecutor Jeffrey Yorkey, filed a Civil Forfeiture action, against Lesly Pompy MD and $27,814.00. (Case number 16-139517-CF, Honorable Judge Daniel S. White)

Robert Blair knew that the first search warrant was improper. Robert Blair sought another search warrant on 8/14/17.

The 8/14/17 search warrant, executed by Robert Blair on IPatientCare with a search warrant, again from the Monroe District Court. Jurisdiction over the proceeding had moved to the Monroe Circuit Court in December 2016. Robert Blair, and Monroe County prosecutor Allison Arnold sought, and obtained another search warrant signed by Magistrate Jessica Chaffin of the Monroe District Court. The 8/14/17 Monroe District Court search warrant, was improper, and lacks jurisdiction on the New-Jersey citizen, IPatientCare.

Robert Blair, faxed a note, dated 8/15/17, at 2:17 PM. The faxed note was written on stationary from the Michigan State Police. The stationary is suggestive of Robert Blair being an officer of the

Michigan State Police , assigned to MANTIS ( Monroe Area Narcotic Team Investigative Service). The fax note was accompanied by a fax sheet, and a faxed copy of a search warrant dated 8/14/17. The search warrant was also signed by Magistrate Jessica Chaffin.

The signatures of Jessica Chaffin on 9/23/16 are identical on both versions of the search warrant, while the signature on 8/14/17 appear different. The address at which, both versions of the 9/23/16 warrants, and the 8/14/17 search warrant executed on IPatientCare, were signed, is unknown.

The time of signing of all 3 search warrants is unknown. The warrants are : 1) not notarized, 2) not witnessed, 3) have no court transcripts, 4) have no court - video documentation of the location, timing , nor any discussion of probable cause.

The current action was stated in State Court. Of Michigan . The plaintiff expected the application of remedies to a HIPAA violation, based on State laws.

The disclosure, and redisclosure of privileged medical information, represent a violation of the laws of HIPAA, under both federal and State of Michigan laws. Pursuant to the State of Michigan Laws, a private cause of action can be entertained.

Affiant Robert Blair's, faxed note of 8/15/17 states: " During the investigation there has been some debate whether the original warrant included the files that you store for Dr. Pompy. In order to avoid any further issues on this matter we have completed a new search warrant specific for your location and the files in question. It should be noted that you do not need to provide the files again. You already provided us this information when requested in 2016. There is no need to send us any files at this time."

Robert Blair acknowledges the defective search warrants. The "8/15/17 faxed note", sought to conceal the two versions of the search warrant of 9-23-16. The 8/14/17 search warrant failed to cure the harm resulting from the 9/23/16 search warrant. Significant material damages resulted. The plaintiff's medical care has been adversely impacted arising from the 9/26/16 raid, the March 3, 2017 DEA Suspension, the 8/4/17 medical license suspension.

Robert Blair, the Michigan State Police, the Michigan Bureau of professional licensing, the federal prosecutors, Blue Cross Blue Shield of Michigan , and Monroe County prosecutors, knew, or should have known of taint involved in the 9/23/16 search warrant. As a proximate cause of the taint,

The federal prosecutors ( Matthew Schneider, Wayne Pratt, and Brandy McMillion ) improperly relied on 9/23/16 search warrants to obtain the plaintiff's medical records.

The Monroe County Prosecutors ( William Nichols, Allison Arnold, Michael Roerhig, Jeffrey Yorkey) improperly relied on the 9/23/16 search warrant to obtain the plaintiff's medical records.

As a result of the execution of the defective 9/23/16 search warrant , the plaintiff's physician has been in exhaustive DEA ( Docket 17-21) Administrative Hearings and the State of Michigan Bureau of Professional Licensing Administrative hearings. The DEA hearings began on 7/11/17 with Chief DEA Administrative Judge, Honorable John J Mulroney. The administrative hearings have stalled and remain open to date; the plaintiff's access to Dr. Pompy has been shut down. Judicial review of the administrative hearings is likely.

The Monroe County Prosecutors ( William Nichols, Allison Arnold, Michael Roerhig, Jeffrey Yorkey) improperly relied on the 9/23/16 search warrant to obtain the plaintiff's medical records.

Monroe County and its relevant employees, the Monroe Sheriff's office, and the City of Monroe employees, improperly relied on the 9/23/16 search warrant to execute a raid for medical records, and electronic devices protected under the " Stored Communication Act."

The State of Michigan employees : Marc Moore, Adam Zimmerman, William McMullen, Bill Schuette, Vaughn Hafner, Haley Winans, FNU Sproul, Leon Pedell, Sean Street, Scott Beard, Jennifer Fritzgerald, Timothy Erickson, Waskiewicz Administrative Law Judge St. John, Dina Young, predetermined the issues then, display deliberate indifference towards Plaintiff's health or safety, and improperly relied on the 9/23/16 search warrant.

The willful, gross negligence, reckless indifference to the consequences of two improper 9/23/16 search warrants, the misappropriation of medical records, the solicitation of controlled substances, and a pattern of warrantless searches, shock the conscience, and constitutes malice aforethought, leading to prosecutorial misconduct.

Malice, prosecutorial misconduct, bad faith, a pattern of disregard for constitutional rights of the plaintiff, perjuriously uttered statements in the affidavit, vitiate sovereign, qualified, transactional, judicial qualified, absolute, prosecutorial , immunity. Even if the lawsuit is barred by immunity of State Actors , acting within the scope of their professional capacity, the State Actors still face liability, pursuant to their individual capacity.

Where the government employees were served and sued in their individual and professional capacity, Under the Federal Tort Claim Act, the Tucker ACT, Federal and State HIPAA laws, the plaintiff is entitled to remedy at law. Without reparation, the mitigation of damages is not possible.

As a proximate cause of the defendant's negligence, reckless disregard to the safety of the plaintiff's reduction of access to health care, violations of the 4th amendment, 8th amendment, indiscriminate search and seizures, a pattern suggestive of expressed or implied policy of violation of search and seizure constitutional laws, improper judicial notice, perjury act committed during the investigative phase of the cause. Violation of the Due Process, unfairly prejudicial policies toward the plaintiff, collateral use of illegally seized of plaintiff's medical records, the plaintiff was injured arising from multiple constitutional torts and placed in false light. The plaintiff is a victim of constitutional torts. The

plaintiff has standing to seek remedies at law, financial compensation for punitive and compensatory damages, pursuant to constitutional torts.

By the actions of the defendants, many people, lacking access to medical care, have been squeezed into the use of illegal drugs, and in some cases causing death.

The Plaintiff, respectfully, requests that this Honorable Court objects to the motion to dismiss the defendant's, IPatientCare/ Udayan Mandavia and all other defendants. IT WILL BE JUSTICE!

Note: Present Exhibit "B" corresponds to the " IPatientCare Exhibit  B" on a motion dated 2-22-19.

RESPECTFULLY SUBMITTED

DATED: 3 /16/19

PLAINTIFF

TRACY CLARE MICKS HARM

TRACY CLARE MICKS HARM

1840 BAYVIEW

MONROE MI 48161

734 -659-6383

SEARCH WARRANT

LISTED IN

MONROE COURT

Exhibit A

Original warrant – Return to issuing court

1st copy – Prosecutor
2nd copy – Serve
3rd copy – Issuing judge

## SEARCH WARRANT

Police Agency Report Number: MTS-23-16

### TO THE SHERIFF OR ANY PEACE OFFICER:

Detective Robert Blair, has sworn to the Affidavit regarding the following:

1. The person, place, or thing to be searched is described as and is located at: Interventional Pain Management, 730 North Macomb Street Suite 222, Monroe Michigan 48162. This location is an office located within the ProMedica Monroe Regional Hospital Professional Office Building. The ProMedica Regional Hospital medical complex is located on the northeast corner of North Macomb Street and East Grove Street. The Professional Office Building is then located on the northeast corner of the medical complex. Suite 222 is located on the second floor of the Professional Office Building and is on the southeast end of the hallway. The entry door to Suite 222 is constructed of wood and has a rectangular window in it. The door is stained a dark color with the wood grain visible. The door handle is gray in color and is on the left side of the door. The doorframe is painted a tan color. To the east side of the doorway is a window that runs the length of the doorway. To the east of the window is a plaque with the numbers 222 printed on it horizontally in brown print. Below the 222 is "L. Pompy, M.D." also printed horizontally in brown.

ALSO TO BE SEARCHED: All vehicles and out buildings on the property

2. The PROPERTY/PERSON to be searched for and seized, if found, is specifically described as:

A) Any and all business records of the medical practice of Lesly Pompy, DOB 12/13/1960, Social Security Number 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 and/or "Interventional Pain Management Associates," related to the identity or treatment of patients, including all patient medical records and billing information. Records may consist of but are not limited to:

a. Patient's billing plans for service
b. Any and all patient insurance records
c. Any and all insurance cards (BCBS, Medicaid, Medicare, and/or any other insurance provider)
d. Equipment supply/order sheets
e. Billing records (to include: patient ledgers, ledger cards, claims for payment, receipt books, account receivable and payable)
f. Appointment books and calendars

34

g. Patient sign-in sheets
h. Correspondence
i. Controlled substances records
j. Prescription records
k. Correspondence, memoranda, and phone records related to any of the above items.

B)   Any and all business records of the medical practice of Lesly Pompy, DOB 12/13/1960, Social Security Number 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 and/or "Interventional Pain Management Associates," related to billing/claim submission/claim payment of patients. Records may include but are not limited to:

a. Patient's billing plans for service
b. Any and all patient insurance records
c. Any and all insurance cards (BCBS, Medicaid, Medicare, and/or any other insurance provider)
d. Equipment supply/order sheets
e. Billing records (to include: patient ledgers, ledger cards, claims for payment, receipt books, account receivable and payable)
f. Current Procedural Terminology (CPT) manuals
g. Medicare billing manuals and/or instructions
h. Blue Cross and Blue Shield or any other insurance manuals/ instructions
i. Internal manuals/instructions used by billing personnel
j. Internal records related to the submission of claims to Medicare
k. Cash receipt books, ledgers, or any other documents that reflect payment received for services.
m. Correspondence, memoranda, and phone records related to any of the above items.

C)   Any and all business records of the medical practice of Lesly Pompy, DOB 12/13/1960, Social Security Number 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 and/or "Interventional Pain Management Associates," enabling investigators to identify and locate employees, former or current. This may include but is not limited to items such as rolodexes, business cards, phone lists, personnel files, time cards, payroll cards, employee scheduling calendars, and employee schedules.   This also may include correspondence, memoranda, and phone records related to any of the above items.

D)   Any and all controlled substances, including but not limited to, controlled prescription medication and illicit drugs.

E)   Records, photographs, video recordings, surveillance system images, correspondence, invoices, and information reflecting ownership of the business, home,

35

vehicles, computers, and any other properties of Lesly Pompy, DOB 12/13/1960, Social Security Number 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 and/or "Interventional Pain Management Associates."

F)   Any and all financial records of either Lesly Pompy or the medical practice of Lesly Pompy and/or "Interventional Pain Management Associates," including but not limited to, cost reports, all documents related to the completion of cost reports, accounts payable, bank/stock/mutual fund/401K and investment account statements and information, loan statements, loan agreements, lease or rental agreements, insurance records, storage site(s) information, financial records, general ledgers, W-2 Forms, tax returns, 1099 Forms, cancelled checks, pass books, lock box applications, safety deposit applications, safety deposit keys, any documents reflecting monies or any form of compensation paid to any employee or any related entity for any purpose and correspondence and memoranda relating to such matters, and any document related to high value assets tied to the medical practice of Lesly Pompy and/or "Interventional Pain Management Associates."

G)   Any and all assets of value, including but not limited to, U.S. Currency, foreign currency, jewelry, high valued electronics, gold/silver bullion, vehicles, art, and coins that are believed to belong to or are in the possession of Lesly Pompy and/or "Interventional Pain Management Associates."

H)   Any and all firearms including but not limited to rifles, pistols, and shotguns.

As used above, the terms records or documents or information includes all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, but is not limited to, records or documents or information that were created, modified or stored in electronic or magnetic form and any data, image, or information that is capable of being read or interpreted by a computer. In order to search for any such items, searching agents may seize and search the following:

Any computer hardware, cellular telephone, digital camera and computer-related equipment capable of creating or storing information in electronic form; any computer peripheral used to facilitate the transmission, creation, display, encoding or storage of information, images and data including word processing equipment, modems, monitors, printers, plotters, encryption circuit boards and optical scanners; any magnetic or electronic storage device, including but not limited to, floppy diskettes, hard disks, backup tapes, CD-ROM's, DVD-ROM's, Zip disks, optical disks, printer buffers, smart cards, flash memory, electronic dialers, Bernoulli drives and electronic notebooks; computer software, documentation, operating logs and instruction manuals relating to the operation of the computer hardware and software to be searched; application software, utility programs, compilers, interpreters, and other programs or software used to facilitate direct or indirect communication with the computer hardware and software to be searched; any physical keys, encryption devices and similar physical items that are necessary to gain access to the computers and electronic devices to be searched or are necessary to gain access to the programs; data and information contained on the

36

computer and electronic device to be searched; any passwords, password files, test keys, encryption codes and other computer codes necessary to access the computers and electronic device into a readable form; electronically stored communications and messages, including any of the items to be found in electronic mail ("e-mail"). All photographs, handwritten notes, ledgers, or non-digitally recorded material used to document controlled substance or criminal activity.

Also to be searched are any and all outbuildings located on the premises, any and all vehicles present or arriving during the execution of the Search Warrant, any and all individuals present or arriving during the execution of the Search Warrant and any above items sought may be present in any of those locations.

IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN: I have found that probable cause exists and you are commanded to make the search and seize the described property/person. Leave a copy of this warrant and a tabulation (a written inventory) of all property taken with the person from whom the property was taken or at the premises. You are further commanded to promptly return this warrant and tabulation to the court. It being necessary to protect the ongoing investigation or the privacy or safety of a victim or witness, it is the order of this Court that this Affidavit in Support of Search Warrant shall be suppressed and not given to the person whose property was seized or whose premises was searched until that person is charged with a crime or named as a claimant in a civil forfeiture proceeding involving evidence seized as a result of the search or until further ordered by the Court.

Issued: _9.23-2014_
        Date

_____
Judge/Magistrate                    Bar no.

37

# ADOPTION OF PREVIOUSLY FILED MOTIONS TO DISMISS

Before this Court's consolidation of cases into the Micks-Harm case, IPC filed three separate Motions to Dismiss in cases similar to this one:

ECF 14, 2:18-cv-13647 (I. Helm) (Exhibit A);

ECF 14, 2:18-cv-13639 (D. Helm) (Exhibit B); and

ECF 36, 2:18-cv-13206 (D. Nichols) (Exhibit C).

In order to reduce duplicative pleading and arguments, IPC adopts and incorporates these motions and their briefings to this case. Furthermore, IPC requests the Court to consider the facts, arguments, evidence, and relief requested in these motions for dismissal of all claims against it by all current Plaintiffs in this case and by any future Plaintiffs who file similar claims in this case. A true and accurate copy of the above-mentioned motions is attached as Exhibits A-C, respectively.

# ADOPTION OF MOTIONS TO DISMISS FILED BY OTHER DEFENDANTS

To the extent applicable and not inconsistent with any argument set forth above, IPC adopts and incorporates by reference all arguments raised by motions to dismiss filed by other Defendants in this case and any of the cases that were consolidated in this case.

THE HEALTH LAW PARTNERS, P.C. - 32000 NORTHWESTERN HWY., STE. 240 - FARMINGTON HILLS, MI 48334 - (248) 996-8510

# Exhibit B
## [SEARCH WARRANTS]

Original warrant – Return to issuing court

1st copy – Prosecutor
2nd copy – Serve
3rd copy – Issuing judge

## SEARCH WARRANT

Police Agency Report Number: MTS-23-16

### TO THE SHERIFF OR ANY PEACE OFFICER:

Detective Robert Blair, has sworn to the Affidavit regarding the following:
1.      The person, place, or thing to be searched is described as and is located at: Interventional Pain Management, 730 North Macomb Street Suite 222, Monroe Michigan 48162. This location is an office located within the ProMedica Monroe Regional Hospital Professional Office Building.  The ProMedica Regional Hospital medical complex is located on the northeast corner of North Macomb Street and East Grove Street.  The Professional Office Building is then located on the northeast corner of the medical complex.  Suite 222 is located on the second floor of the Professional Office Building and is on the southeast end of the hallway.  The entry door to Suite 222 is constructed of wood and has a rectangular window in it.  The door is stained a dark color with the wood grain visible.  The door handle is gray in color and is on the left side of the door.  The doorframe is painted a tan color.  To the east side of the doorway is a window that runs the length of the doorway. To the east of the window is a plaque with the numbers 222 printed on it horizontally in brown print.  Below the 222 is "L. Pompy, M.D." also printed horizontally in brown.

ALSO TO BE SEARCHED: All vehicles and out buildings on the property

2.   The PROPERTY/PERSON to be searched for and seized, if found, is specifically described as:

A)      Any and all business records of the medical practice of Lesly Pompy, DOB ____, Social Security Number ____ and/or "Interventional Pain Management Associates," related to the identity or treatment of patients, including all patient medical records and billing information. Records may consist of but are not limited to:

a. Patient's billing plans for service
b. Any and all patient insurance records
c. Any and all insurance cards (BCBS, Medicaid, Medicare, and/or any other insurance provider)
d. Equipment supply/order sheets
e. Billing records (to include: patient ledgers, ledger cards, claims for payment, receipt books, account receivable and payable)
f. Appointment books and calendars

34

g. Patient sign-in sheets
h. Correspondence
i. Controlled substances records
j. Prescription records
k. Correspondence, memoranda, and phone records related to any of the above items.

B) Any and all business records of the medical practice of Lesly Pompy, DOB , Social Security Number and/or "Interventional Pain Management Associates," related to billing/claim submission/claim payment of patients. Records may include but are not limited to:

a. Patient's billing plans for service
b. Any and all patient insurance records
c. Any and all insurance cards (BCBS, Medicaid, Medicare, and/or any other insurance provider)
d. Equipment supply/order sheets
e. Billing records (to include: patient ledgers, ledger cards, claims for payment, receipt books, account receivable and payable)
f. Current Procedural Terminology (CPT) manuals
g. Medicare billing manuals and/or instructions
h. Blue Cross and Blue Shield or any other insurance manuals/ instructions
i. Internal manuals/instructions used by billing personnel
j. Internal records related to the submission of claims to Medicare
k. Cash receipt books, ledgers, or any other documents that reflect payment received for services.
m. Correspondence, memoranda, and phone records related to any of the above items.

C) Any and all business records of the medical practice of Lesly Pompy, DOB Social Security Number and/or "Interventional Pain Management Associates," enabling investigators to identify and locate employees, former or current. This may include but is not limited to items such as rolodexes, business cards, phone lists, personnel files, time cards, payroll cards, employee scheduling calendars, and employee schedules. This also may include correspondence, memoranda, and phone records related to any of the above items.

D) Any and all controlled substances, including but not limited to, controlled prescription medication and illicit drugs.

E) Records, photographs, video recordings, surveillance system images, correspondence, invoices, and information reflecting ownership of the business, home,

35

vehicles, computers, and any other properties of Lesly Pompy, DOB                , Social Security Number                  and/or "Interventional Pain Management Associates."

F)    Any and all financial records of either Lesly Pompy or the medical practice of Lesly Pompy and/or "Interventional Pain Management Associates," including but not limited to, cost reports, all documents related to the completion of cost reports, accounts payable, bank/stock/mutual fund/401K and investment account statements and information, loan statements, loan agreements, lease or rental agreements, insurance records, storage site(s) information, financial records, general ledgers, W-2 Forms, tax returns, 1099 Forms, cancelled checks, pass books, lock box applications, safety deposit applications, safety deposit keys, any documents reflecting monies or any form of compensation paid to any employee or any related entity for any purpose and correspondence and memoranda relating to such matters, and any document related to high value assets tied to the medical practice of Lesly Pompy and/or "Interventional Pain Management Associates."

G)    Any and all assets of value, including but not limited to, U.S. Currency, foreign currency, jewelry, high valued electronics, gold/silver bullion, vehicles, art, and coins that are believed to belong to or are in the possession of Lesly Pompy and/or "Interventional Pain Management Associates."

H)    Any and all firearms including but not limited to rifles, pistols, and shotguns.

As used above, the terms records or documents or information includes all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, but is not limited to, records or documents or information that were created, modified or stored in electronic or magnetic form and any data, image, or information that is capable of being read or interpreted by a computer.  In order to search for any such items, searching agents may seize and search the following:

Any computer hardware, cellular telephone, digital camera and computer-related equipment capable of creating or storing information in electronic form; any computer peripheral used to facilitate the transmission, creation, display, encoding or storage of information, images and data including word processing equipment, modems, monitors, printers, plotters, encryption circuit boards and optical scanners; any magnetic or electronic storage device, including but not limited to, floppy diskettes, hard disks, backup tapes, CD-ROM's, DVD-ROM's, Zip disks, optical disks, printer buffers, smart cards, flash memory, electronic dialers, Bernoulli drives and electronic notebooks; computer software, documentation, operating logs and instruction manuals relating to the operation of the computer hardware and software to be searched; application software, utility programs, compilers, interpreters, and other programs or software used to facilitate direct or indirect communication with the computer hardware and software to be searched; any physical keys, encryption devices and similar physical items that are necessary to gain access to the computers and electronic devices to be searched or are necessary to gain access to the programs; data and information contained on the

computer and electronic device to be searched; any passwords, password files, test keys, encryption codes and other computer codes necessary to access the computers and electronic device into a readable form; electronically stored communications and messages, including any of the items to be found in electronic mail ("e-mail"). All photographs, handwritten notes, ledgers, or non-digitally recorded material used to document controlled substance or criminal activity.

Also to be searched are any and all outbuildings located on the premises, any and all vehicles present or arriving during the execution of the Search Warrant and any and all individuals present or arriving during the execution of the Search Warrant, as the above items sought may be present in any of those locations.

IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN: I have found that probable cause exists and you are commanded to make the search and seize the described property/person. Leave a copy of this warrant and a tabulation (a written inventory) of all property taken with the person from whom the property was taken or at the premises. You are further commanded to promptly return this warrant and tabulation to the court. It being necessary to protect the ongoing investigation or the privacy or safety of a victim or witness, it is the order of this Court that this Affidavit in Support of Search Warrant shall be suppressed and not given to the person whose property was seized or whose premises was searched until that person is charged with a crime or named as a claimant in a civil forfeiture proceeding involving evidence seized as a result of the search or until further ordered by the Court.

Issued: ___9.23-2016___
    Date

          Judge/Magistrate            Bar no.

Case 2:18-cv-12684-DPH-SDD   ECF No. 88   filed 03/21/19   PageID.2242   Page 20 of 26
Case 2:18-cv-12684-DPH-RSW   ECF No. 33-1   filed 02/21/18   PageID.1493   Page 33 of 90

No. 0009   P. 2

STATE OF MICHIGAN
DEPARTMENT OF STATE POLICE
LANSING

RICK SNYDER
GOVERNOR

COL. KRISTE KIBBEY ETUE
DIRECTOR

To: Representative at iPatientCare:

I am writing to you today to inform you that the Monroe Area Narcotics Team and Investigative Service (MANTIS), has been conducting an investigation into one of your clients Dr. Lesly Pompy MD. In September of 2016 we provided you with a search warrant for Dr. Pompy's medical files for 2 years. During the investigation there has been some debate whether the original warrant included the files that you store for Dr. Pompy. In order to avoid any further issues on this matter we have completed a new search warrant specific for your location and the files in question. It should be noted that you do not need to provide the files again. You already provided us with this information when requested in 2016. There is no need to send us any files at this time.

Thank you for your time.

Det. Robert Blair (MANTIS)

734-240-2605



MICHIGAN STATE POLICE

# FAX

## TRANSMITTAL SHEET
## MANTIS



DATE: _8/15/17_

TIME: _2:15 PM_

No. of pages (Including cover): _4_

☐ URGENT
☐ FYI
☐ At your request

TRANSMITTED TO: _i Patient Care_

_734 - 676 - 7667_
FAX NO.

_____ FAX NO.

_____ FAX NO.

FROM: _____ 734-240-2605 MANTIS
TELEPHONE NO.

(734) 240-2865
FAX NO.

ACKNOWLEDGMENT REQUESTED:        ● YES    ○ NO         Recipient: If "YES" is checked please complete this section and FAX this sheet to the sender.

RECEIPT ACKNOWLEDGED BY: _____

DATE: _____    TIME: _____

COMMENTS OR INSTRUCTIONS:

_____

_____

_____

_____

RECEIVED BY: _R Blazer_        PHONE NO.: _____

Case 2:18-cv-12634-DPH-SDD   ECF No. 88   filed 03/21/19   PageID.2244   Page 22 of 26
Case 2:18-cv-12634-DPH-SDD   ECF No. 32-13 filed 02/22/19   PageID.4504   Page 39 of 90
No. 0009   P. 3

Original warrant -- Return to Issuing court

1st copy -- Prosecutor
2nd copy -- Serve
3rd copy -- Issuing judge

## SEARCH WARRANT

Police Agency Report Number: MTS-23-16

### TO THE SHERIFF OR ANY PEACE OFFICER:

Detective Robert Blair, has sworn to the Affidavit regarding the following:
1. The person, place, or thing to be searched is described as and is located at:
iPatient Care 1 Woodbridge Center, Suite 812, Woodbridge New Jersey 07095

### ALSO TO BE SEARCHED: All vehicles and out buildings on the property

2. The PROPERTY/PERSON to be searched for and seized, if found, is specifically described as:

A) Any and all business records of the medical practice of Lesly Pompy, DOB
, Social Security Number and/or "Interventional Pain
Management Associates," related to the identity or treatment of patients, including all
patient medical records and billing information from the dates of 9/26/2014 to 9/26/2016.
Records may consist of but are not limited to:

a. Complete patient medical records/files
b. Patient's billing plans for service
c. Any and all patient insurance records
d. Any and all insurance cards (BCBS, Medicaid, Medicare, and/or any other insurance provider)
e Billing records (to include: patient ledgers, ledger cards, claims for payment, receipt books, account receivable and payable)
f. Appointment books and calendars
g. Patient sign-in sheets
h. Correspondence
i. Controlled substances records
j. Prescription records
k. Correspondence, memoranda, and phone records related to any of the above items.

B) Any and all business records of the medical practice of Lesly Pompy, DOB
, Social Security Number and/or "Interventional Pain
Management Associates," related to billing/claim submission/claim payment of patients
from the dates of 9/26/2014 to 9/26/2016. Records may include but are not limited to:

31

Case 2:18-cv-12634-DPH-SDD  ECF No. 88  filed 03/21/19  PageID.2245  Page 23 of 26
Case 2:18-cv-12634-DPH-RSW  ECF No. 32-13 filed 02/22/18  PageID.4595  Page 40 of 90
No. 0009  P. 4

a. Complete patient medical records/files
b. Patient's billing plans for service
c. Any and all patient insurance records
d. Any and all insurance cards (BCBS, Medicaid, Medicare, and/or any other insurance provider)
e. Billing records (to include: patient ledgers, ledger cards, claims for payment, receipt books, account receivable and payable)
f. Internal records related to the submission of claims to Medicare.
g. Cash receipt books, ledgers, or any other documents that reflect payment received for services.
h. Correspondence, memoranda, and phone records related to any of the above items.

IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN: I have found that probable cause exists and you are commanded to make the search and seize the described property/person. Leave a copy of this warrant and a tabulation (a written inventory) of all property taken with the person from whom the property was taken or at the premises. You are further commanded to promptly return this warrant and tabulation to the court. It being necessary to protect the ongoing investigation or the privacy or safety of a victim or witness, it is the order of this Court that this Affidavit in Support of Search Warrant shall be suppressed and not given to the person whose property was seized or whose premises was searched until that person is charged with a crime or named as a claimant in a civil forfeiture proceeding involving evidence seized as a result of the search or until further ordered by the Court.

Issued: _____8-14-2017_____
         Date

_____
Judge/Magistrate                    Bar no.

32

EXHIBIT C

| Michigan Department of State Police MTS | ORIGINAL DATE Wed, Feb 24, 2016 | INCIDENT NO. MTS-0000023-16 (01) |
|---|---|---|
| SUPPLEMENTAL INCIDENT REPORT 0002 | SUPPLEMENTARY DATE Wed, Sep 21, 2016 | FILE CLASS 35001 |

**MB&T SEARCH WARRANT:** *Det Blair did not qualify to author a Search Warrant*

On 09/21/16, Det. Blair authored a search warrant for bank records from Monroe Bank and Trust (MB&T) based upon the information provided by BCBSM and the MANTIS investigation. BCBSM records show that their payments were directed to accounts at MB&T. The Search Warrant encompassed financial records for Lesly Pompy's accounts at Monroe Bank and Trust, as well as accounts for Interventional Pain Management Associates.

The Search Warrant was reviewed by APA Allison Arnold then approved and signed by Magistrate Tina Todd on 09/21/16.

On 09/21/16 Det. Blair served the Search Warrant to Susan Mehregan, the Vice President deputy General Counsel with MB&T at 102 E. Front St Monroe MI 48161.

Susan Mehregan provided Det. Blair with a CD which contained the information requested in the search warrant. Det. Blair was able to view the files on it by using Det. Blair's assigned Michigan State Police desk top computer.

Upon viewing the information provided by Susan Mehregan, Det. Blair observed a document labeled, "MONROE BANK & TRUST MB&T PRIME ACCOUNT." This document is a contract between Monroe Bank and Trust and the "Principal." At the top right hand corner of this document "Interventional Pain Management Assoc PC" is handwritten. This is a two page document and at the bottom of page two (2) is the date 11/09/2006. The document is signed by the Principal, Lesly Pompy (The signature matches signature cards provided by MB&T). Interventional Pain Management is also listed as a Principal on the document with an address of 533 N. Monroe St, Monroe MI 48162.

In the documents provided by Monroe Bank and Trust was a Department of the Treasury W-9 form which is labeled "Request for Taxpayer Identification Number and Certification." The name on this form is Interventional Pain Management and the address of 533 N. Monroe St Monroe MI 48162 is listed. The form was signed by Lesly Pompy and dated 11/09/06.

Also in the documents provided by Monroe Bank and Trust was a list of checks issued by Interventional Pain Management Associates. The checks show Interventional Pain Management Associates having an address of 533 N. Monroe St. Monroe, MI 48162.

After viewing the data provided by Miss Mehregan, Det. Blair saw that the data was incomplete and that it did not appear that all account information was provided as directed by the search warrant. Det. Blair contact Thomas Scott, VP – Risk Management Officer with MB&T and learned of additional information. Mr. Scott made this information available to Det. Blair on a CD, property item #8.

| | INVESTIGATED BY DET ROBERT BLAIR | REPORTED BY | REVIEWED BY |
|---|---|---|---|
| PAGE 4 of 72 | | | |

TRACY CLARE MICKS HARM
1840 BAYVIEW
MONROE MI 48161
734 -659-6383


3/16/19


Clerk of the Court
United States District Court
231 W. Lafayette Blvd
Detroit, MI 48226

**FILED
CLERK'S OFFICE

MAR 2 1 2019

U.S DISTRICT COURT
EASTERN MICHIGAN**

Sent by:  MAIL

RE: Tracy Clare Micks  Harm  v. Nichols, et al.
Case Number: Civil No.  2:18-cv-12634


Dear  Clerk:

Enclosed please find, "  **PLAINTIFF'S MOTION OF OBJECTION
IPATIENTCARE/ UDAYAN MANDAVIA  MOTION TO DISMISS"**



Exhibit "A" ( Exhibit A, 9/23/16  VERSION  ONE  SEARCH WARRANT);  and
Exhibit "B" (9/23/16  VERSION  TWO   SEARCH WARRANT);

Exhibit  "C" (9/21/16 ,  ROBERT BLAIR VISIT TO MONROE BANK AND TRUST);


Respectfully, Tracy Clare Micks Harm,  Plaintiff
Enclosure(s)
cc: Hon. Denise Page Hood,
        Bradley  Darling, Counsel for the City of Monroe,  Randall Field,
        James T     Farrell,  Stephanie  R. Phillips ,  James R. Witham