# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TRACY CLARE MICKS-HARM,

          Plaintiff,               CONSOLIDATED ACTION
                                  LEAD CASE NO. 18-12634
                                  HON. DENISE PAGE HOOD

v.

WILLIAM PAUL NICHOLS ET AL,

          Defendants.
_____/

## OPINION AND ORDER REGARDING VARIOUS MOTIONS

## I. BACKGROUND

### A. Procedural Background

On August 3, 2018, Plaintiff Tracy Clare Micks-Harm ("Micks-Harm") commenced this action in the State of Michigan's Monroe County Circuit Court alleging that the defendants she named in her Complaint violated her rights under the Fourth Amendment, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and 18 U.S.C. § 1347 (health care fraud). (Doc # 1-2) These named defendants include: William Paul Nichols, Blue Cross Blue Shield of Michigan Foundation, Blue Cross Blue Shield of Michigan, Blue Care Network of Michigan, Bluecaid of Michigan, I-Patient Care, Inc., Marc

Moore, Brian Bishop, Christine Hicks, John J. Mulroney, Shawn Kotch, James Stewart, Robert Blair, Brent Cathey, Jon Lasota, Sean Street, Mike McLaine, Monroe Police Department, Tina Todd, Jessica Chaffin, Jack Vitale, Daniel White, Carl Christensen, Alan J. Robertson, Diane Silas, Jim Gallagher, Scott Beard, Derek Lindsay, Aaron Oetjens, Mike Merkle, FNU Sproul, Brian Zazadny, William McMullen, Donald Brady, Chris Miller, William Chamulak, Tom Farrell, Mike Guzowski, Timothy Gates, Sarah Buciak, Allison Arnold, Jeffrey Yorkey, Michael G. Roehrig, Dale Malone, Leon Pedell, Vaughn Hafner, Dina Young, Bill Schuette, Jennifer Fritgerald, Timothy C. Erickson, Catherine Waskiewicz, Michael J. St. John, Michigan Administrative Hearing System, Michigan Automated Prescription System, Haley Winans, Matthew Schneider, Wayne F. Pratt, Brandy R. McMillion, and Blue Cross Complete of Michigan. (*Id.*) Defendants Matthew Schneider ("Schneider"), Wayne F. Pratt ("Pratt"), and Brandy R. McMillion ("McMillion") removed this action to federal court on August 23, 2018. (Doc # 1)

On November 30, 2018, Defendants Schneider, Pratt, and McMillion filed a Motion to Consolidate Cases. (Doc # 16) The Court granted this Motion on February 20, 2019 as to the pending cases and any new and related cases filed and reassigned to the undersigned. (Doc # 27) Several defendants from the other cases were consolidated with this Action, and these defendants include: Donna Knierim, Adam Zimmerman, Administrative Hearing System, Assistant US Attorney's

Office, Bureau of Licensing and Regulation, Christensen Recovery Services, City of Monroe, City of Monroe and Police Vice Unit, John Does, James Howell, Lt. Marc Moore, MANTIS, Michigan State Police, County of Monroe, Monroe County Sheriff Office, Nichols William, Mike Mclain, Drug Enforcement Administration, Michigan Department of Licensing and Regulatory Affairs, Dana Nessel, Monroe City Police Department, Monroe County Circuit Court, Charles F. McCormick, Attorney General of the United States, US Attorney's Office (DEA), Diane Young, Blue Cross Blue Shield Association, United States of America, Udayan Mandavia, and the State of Michigan.

The consolidated action effective as of the hearing date of April 12, 2019 includes the following Plaintiffs as of the date of the hearing: Tracy Clare Micks-Harm, Debra A. Nichols, Dennis Helm, Ines Helm, Eric Cook (2 cases), Eric Cook (for Jacob Cook) (2 cases), Raymond Blakesley, Renay Blakesley, Tammy Clark (for Richard Johnson), Janet Berry, Angela Mills, Donna Knierim, Janae Drummonds, Michael Smallwood, Janet Zureki, and Jennifer Smith.[1]

---

[1] All of the plaintiffs in the present Action are proceeding on a *pro se* basis. Several Defendants are represented by counsel.

Pursuant to the Court's Order (Doc # 27), all defendants were categorized into several groups.[2] Each of these groups of defendants were given until February 22, 2019 to file any dispositive motions. According to the dispositive motions that have been filed, these defendants are in the following groups:

Federal Defendants: Brandy R. McMillion, Wayne F. Pratt, Matthew Schneider, Brian Bishop, William Chamulak, Tom Farrell, and John J Mulroney.

Monroe County Defendants: Monroe County, William Paul Nichols, Robert Blair, Jon Lasota, Mike McClain, Tina Todd, Jessica Chaffin, Jack Vitale, Daniel White, Allison Arnold, Jeffrey Yorkey, Michael G. Roehrig, and Dale Malone.

Monroe City Defendants: City of Monroe, Donald Brady, Brent Cathey, Shawn Kotch, Derek Lindsay, Mike Merkle, Chris Miller, Monroe Police Department, and Aaron Oetjens.

State Defendants: Administrative Hearing System, Scott Beard, Bureau of Licensing and regulation, Timothy C. Erickson, Jennifer Fritgerald, Vaughn Hafner, MANTIS, William McMullen, Michigan Administrative Hearing System, Michigan Automated Prescription System, Michigan Department of Licensing and Regulatory Affairs, Michigan State Police, Marc Moore, Marc Moore, Dana Nessel, Bill Schuette, FNU Sproul, Michael J. St. John, Sean Street, Catherine Waskiewicz, Haley Winans, and Dina Young.

Insurance Company and Doctors and Providers Defendants: Blue Care Network of Michigan, Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Michigan Foundation, Blue Cross Complete of Michigan, Bluecaid of Michigan, Carl Christensen, MD, Jim Gallagher, James Howell, Alan J Robertson, MD, Diane Silas, James Stewart, and Brian Zazadny.

---

[2] The groups include: (1) Federal Defendants; (2) State Defendants; (3) Monroe County Defendants; (4) Monroe City Defendants; (5) Insurance Company Defendants; (6) Doctors and Providers Defendants; and (7) Miscellaneous Defendants. (Doc # 27, Pg ID 7)

Miscellaneous Defendant: I-Patient Care, Inc.

Several dispositive motions have been filed and they are all before the Court. A hearing on these motions was held on April 12, 2019.

Federal Defendants filed a Motion to Dismiss on October 5, 2018. (Doc # 5) Micks-Harm filed a Response to Federal Defendants' Motion to Dismiss on October 31, 2018. (Doc # 7) Federal Defendants filed their Reply on November 2, 2018. (Doc # 10) Micks-Harm filed a Supplemental Response on March 20, 2019. (Doc # 67) Federal Defendants filed another Motion to Dismiss on February 22, 2019. (Doc # 33) Several Plaintiffs filed Responses to Federal Defendants' second Motion to Dismiss on various dates. (Docs # 59, 62, 74, 77, 81, 82, 100, 101, 104, 105, 109, 110, 144, 148, 168, 170) Federal Defendants filed their Reply to these Responses on March 22, 2019. (Doc # 114)

On November 29, 2018, Monroe County Defendants filed a Motion to Dismiss or in the Alternative, for Summary Judgment. (Doc # 15) No responses were filed. On February 22, 2019, Monroe County Defendants filed a Motion to Dismiss. (Doc # 36) Several Plaintiffs filed Responses to Monroe County Defendants' second dispositive motion on various dates. (Docs # 52, 76, 83, 86, 87, 89, 91, 94, 96, 102, 107, 111, 135, 145, 150, 151, 152, 153, 154, 173) Monroe County Defendants filed their Reply on March 22, 2019. (Doc # 120)

Monroe City Defendants filed a Motion to Dismiss on January 9, 2019. (Doc # 21) No responses have been filed. On February 27, 2019, Monroe City Defendants filed several identical Motions to Dismiss. (Docs # 44, 45, 46, 47, 48, 49, 50) Eric Cook (for Jacob Cook) filed a Response to one of the Motions to Dismiss (Doc # 48) on March 21, 2019. (Doc # 73) On March 11, 2019, Monroe City Defendants filed several additional identical Motions to Dismiss. (Docs # 54, 55, 56, 57, 58) No responses have been filed.

I-Patient Care, Inc. ("I-Patient Care") filed a Motion to Dismiss on February 22, 2019. (Doc # 32) Several Plaintiffs filed Responses on various dates. (Docs # 79, 84, 88, 92, 98, 103, 112, 121, 122, 127, 128, 132, 149, 172) I-Patient Care, Inc filed its Reply on March 22, 2019. (Doc # 118)

State Defendants filed a Motion to Dismiss on February 22, 2019. (Doc # 37) Several Plaintiffs filed Responses on various dates. (Docs # 72, 78, 80, 90, 93, 99, 108, 133, 134, 146, 169) No reply has been filed.

Insurance Company and Doctor and Providers Defendants filed a Motion to Dismiss on February 22, 2019. (Doc # 40) Several Plaintiffs filed Responses on various dates. (Docs # 52, 75, 85, 97, 106, 113, 124, 131, 147, 171) Insurance Company and Doctor and Providers Defendants filed a Reply on March 22, 2019. (Doc # 119)

## B. Factual Background

On June 28, 2018, Micks-Harm was informed by Dr. Leslie Pompy that all of the named defendants reviewed her medical records as well as the medical records of the other Plaintiffs. (Doc # 1-2, Pg ID 22) Plaintiffs all appear to be patients of Dr. Pompy. Two or more of the named defendants currently continue to possess and/or have access to Plaintiffs' past medical histories. Defendants were able to access Plaintiffs' medical information following the execution of a felony search warrant that resulted in her medical records being seized from Dr. Pompy's office. It is alleged by Plaintiffs that the search warrant occurred without the existence of probable cause and absent any exigent circumstances. The search warrant that Plaintiffs refer to in their Complaints is connected with an ongoing criminal case, *United States v. Pompy*, 18-cr-20454 (E.D. Mich.)(assigned to Judge Arthur J. Tarnow), in which Dr. Pompy is charged with distributing controlled substances (21 U.S.C. § 841(a)(1)) and health care fraud (18 U.S.C. § 1347). (Doc # 5, Pg ID 45)

Plaintiffs claim that their HIPAA rights were violated because they were not notified that the Defendants were going to access their medical information. Plaintiffs allude to the fact that their Fourth Amendment rights were violated since the police unreasonably seized their medical records from Dr. Pompy's office. It is additionally asserted by Plaintiffs that two or more Defendants violated their rights by committing computer fraud under 18 U.S.C. § 1030. Plaintiffs also allude to the

fact that their rights were violated under 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and 18 U.S.C. § 1347 (health care fraud).

Plaintiffs request that the Court award them punitive damages in the amount of $800 million dollars, monetary damages in excess of $1 billion dollars, and an unspecified amount of compensatory damages. Plaintiffs also seek any other damages available, interest, fees, and medical expenses that the Court deems appropriate.

## II. Motions to Dismiss

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting Gregory v. Shelby Cnty., 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as

factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

## B. Federal Defendants

### 1. Absolute Prosecutorial Immunity

The Federal Defendants in the various cases, namely the United States Attorneys and/or the Assistant United States Attorneys, seek dismissal based on

absolute immunity in their role in prosecuting Dr. Pompy and obtaining documents relating to the criminal matter against Dr. Pompy.

A prosecutor is entitled to absolute immunity for a prosecutor's conduct in initiating a prosecution and in presenting the case before the courts. *Lanier v. Bryant,* 332 F.3d 999, 1005 (6th Cir. 2003); *Buckley v. Fitzsimmons,* 509 U.S. 259, 272-73 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 422 (1976). Liberally construing the allegations in the various complaints, the allegations against the Federal Defendants fail to state a claim upon which relief may be granted under Rules 8(a)(2) and 12(b)(6) of the Rules of Civil Procedure. The Federal Defendants are currently prosecuting a criminal matter against Dr. Pompy. The claims against the federal prosecutors are dismissed with prejudice.

### 2. No Private Cause of Action under HIPAA

The various Plaintiffs allege violations under HIPAA by the Federal Defendants because they obtained, possessed, and disclosed Plaintiffs' medical records in the possession of Dr. Pompy in connection with the criminal matter against Dr. Pompy. The Federal Defendants seek to dismiss the HIPAA claims against them because HIPAA does not provide a private cause of action to be brought by an individual plaintiff and HIPAA permits disclosure of a patient's health information for law enforcement purposes to law enforcement officials.

HIPAA is designed to protect the privacy of personal medical information by limiting its disclosure, and provides for both civil and criminal penalties for violations of its requirements. 42 U.S.C. §§ 1320d-5, d-6. HIPAA expressly provides the authority to enforce its provisions only to the Secretary of Health and Human Services. *Id.* The Supreme Court has explained that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568 (1979). Congress must expressly authorize a private cause of action for a private person to have the right to sue to enforce a federal statute. *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001). HIPAA provides no express language that allows a private person the right to sue in order to enforce HIPAA.

The Sixth Circuit Court of Appeals noted that if an individual plaintiff believes his or her HIPAA rights were violated, "the proper avenue for redress is to file a complaint with the DHHS [Department of Health and Human Services]."[1]

---

[1] Even if an individual plaintiff brought a HIPAA complaint before the DHHS and the DHHS declined to investigate the matter, there is no statutory or case law that provides review by a federal district court of the DHHS's discretionary decisions to investigate or not under 45 C.F.R. § 160.306(c). *See, Thomas v. Dep't of Health and Human Serv.,* Case No. 17-6308, 2018 WL 5819471 at *2 (6th Cir. Aug. 24, 2018). DHHS is entitled to sovereign immunity for a claim for monetary damages for its failure to investigate a claim under HIPAA. An individual plaintiff also does not have a due process claim against any individual defendant under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation,* 403 U.S. 388 (1971) because the discretionary decision to decline to investigate a HIPAA complaint does not implicate a protected property or liberty interest. *Thomas,* 2018 WL 5819471 at *2.

*Thomas v. Univ. of Tenn. Health Science Ctr at Memphis,* Case No. 17-5708, 2017 WL 9672523 at *2 (6th Cir. Dec. 6, 2017) (finding that the district court did not err in dismissing claims under HIPAA where no private right of action existed, citing, *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011); *Carpenter v. Phillips,* 419 F. App'x 658, 659 (7th Cir. 2011); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53, 59-60 (1st Cir. 2009); *Webb v. Smart Document Sols.*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006)).

Because there is no private cause of action by private individuals before the courts for alleged violations of HIPAA, the claims alleging such violations against the Federal Defendants and other Defendants must be dismissed.

### 3. Proper Disclosures under HIPAA

The Federal Defendants also argue that HIPAA permits the disclosure of protected health information, without the authorization of the individuals. In this case, state investigators initially obtained Dr. Pompy's medical records pursuant to a search warrant. The Federal Defendants argue that they were covered under HIPAA to use the materials for law enforcement purposes, such as in a grand jury proceeding.

The HIPAA regulations provide disclosure of protected health information, "for a law enforcement purpose to a law enforcement official." 45 C.F.R. § 164.512(f). Such information must be disclosed to comply with a "court order or court-ordered warrant, or a subpoena issued by a judicial officer." 45 C.F.R. § 164.512(f)(ii)(A) & (B). Disclosure of medical records is also permitted "in the course of any judicial or administrative proceeding." 45 C.F.R. § 164.512(e)(1).

The various Complaints fail to state claims under HIPAA because the protected health information was obtained from Dr. Pompy's office by search warrants. The Federal Defendants used the information before a grand jury proceeding related to Dr. Pompy. The allegations under HIPAA alleged in the various complaints must be dismissed with prejudice for failure to state claims upon which relief may be granted.

## C. State Defendants

### 1. Rule 8 Violation

The State Defendants move to dismiss the various complaints because the complaints violate the requirement under Rule 8 that the complaint must contain "short and plain statement of the claim[s]" supported by factual allegations, which give the defendants fair notice of the claims against them. The State Defendants argue that the complaints are neither a short nor a plain statement of the claims. They further argue that the allegations do not give the State Defendants fair notice of the

claims against them since the allegations allege "two or more defendants" or "one or more defendants" without specifying which defendant violated the law.

Even liberally construing the various complaints, the Court finds that the allegations violate Rule 8 of the Rules of Civil Procedure. The complaints are not "short and plain statement of the claims" and the claims are not supported by factual allegations, sufficient to give the State Defendants fair notice of the alleged violations. In many instances, the allegations in the complaints do not specifically identify which State Defendant violated which claim. The complaints must be dismissed for failure to follow Rule 8 of the Rules of Civil Procedure in setting forth the claims and factual allegations against the various State Defendants.

### 2. Lack of Standing

The State Defendants also move to dismiss the various complaints asserting that many of the claims alleged by Plaintiffs are claims on behalf of others, such as other patients of Dr. Pompy and Dr. Pompy himself. The State Defendants argue that the individual Plaintiffs cannot seek redress for injuries suffered by third parties.

Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues. *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the United States Constitution limits the federal courts' jurisdiction to "cases and controversies." In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the

United States Supreme Court set forth three elements to establish standing: 1) that he or she suffered an injury in fact, which is both concrete and actual or imminent; 2) that the injury is caused by defendants' conduct; and 3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999)(citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)).

In liberally construing the allegations in the various Complaints, the Court finds that the individual Plaintiffs do not have standing to address the alleged injuries suffered by others. Plaintiffs have failed to carry their burden that they have standing to assert claims on behalf of other individuals because standing requires that a plaintiff must have suffered an injury in fact. Plaintiffs may only allege claims which caused them injury. If Dr. Pompy seeks to challenge the actions against him and the warrants issued against him, he must do so himself and in the appropriate setting. Any claims alleged on behalf of others must be dismissed.

### 3. Eleventh Amendment Immunity

The State Defendants, including the State of Michigan, the MDOC and the Probation Department, move to dismiss the federal claims under 42 U.S.C. §§ 1983, 1985 and 1986 asserting they are entitled to immunity.

The Eleventh Amendment of the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment prohibits private citizens from bringing suit against a state or state agency in federal court. *Alabama v. Pugh,* 438 U.S. 781 (1978). There are two exceptions to this rule. First, a state may waive its immunity and agree to be sued in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Second, a state may be sued in federal court where Congress specifically abrogates the state's immunity pursuant to a valid grant of Constitutional power. *See Alden v. Maine*, 527 U.S. 706 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). The Eleventh Amendment immunity has been interpreted to act as a constitutional bar to suits against the state in federal court unless immunity is specifically overridden by an act of Congress or unless the state has consented to suit. *Thiokol Corp. v. Dep't of Treasury, State of Michigan*, 987 F.2d 376, 381 (6th Cir. 1983).

The Eleventh Amendment bars federal courts from hearing state law claims against the state and/or the state's officials. *Freeman v. Michigan Dep't of State,* 808 F.2d 1174, 1179-80 (6th Cir. 1987). Claims against the state and its officials sued in their official capacities under 42 U.S.C. § 1983 are also barred since neither the state nor the state official sued in their official capacities are "persons" under §

1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64, 91 (1989).  Suing a state official in an individual capacity is also barred because liability under § 1983 cannot be based on a theory of respondeat superior.  *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978).

Based on the above, State of Michigan, the State Attorney General, the Michigan Department of Police (MSP), the Michigan Automated Prescription System (MAPS), and the Monroe Area Narcotics Team Investigative Services (MANTIS) must be dismissed under the Eleventh Amendment.  The State Attorney General in her official and/or her individual capacity must also be dismissed because there are no facts alleged in any of the Complaints that she was personally involved in any of the incidents alleged in the Complaints.

### 4.  Absolute Judicial Immunity

State of Michigan Administrative Law Judge ("ALJ") Michael St. John, alleged to have presided over the regulatory action that resulted in the revocation of Dr. Pompy's medical license, is a named defendant.  Other than so noting, there are no factual allegations as to any unlawful conduct by the ALJ.  The claims against the ALJ must be dismissed for failure to comply with Rule 8 as noted above.  If Plaintiffs are seeking a review of the revocation of Dr. Pompy's medical license, they lack standing to seek review on behalf of Dr. Pompy, again, as set forth above.

In addition, the ALJ is entitled to absolute judicial immunity for his actions in adjudicating the medical license issue. As a general rule, judges are immune from suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 10 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967). Defendant State of Michigan ALJ is entitled to absolute judicial immunity and dismissed with prejudice from all the applicable claims.

### 5.  Absolute Prosecutorial Immunity

In addition to the Michigan Attorney General, Plaintiffs also named several Michigan Assistant Attorneys General as defendants related to their actions in prosecuting the regulatory matter against Dr. Pompy which resulted in the loss of his medical license. There are no specific factual allegations of wrongful conduct against these Defendants, other than actions in their role as prosecutors. As set forth above, prosecutors are entitled to absolute prosecutorial immunity for their actions as prosecutors in judicial proceedings. *See Pachtman,* 424 U.S. at 422. Defendants Michigan Attorney General and Assistant Attorneys General Erickson, Fitzgerald and Waskiewitz are dismissed with prejudice.

### 6.  Qualified Immunity

State of Michigan police and regulatory agency investigators are named as defendants in their role in investigating Dr. Pompy. Plaintiffs allege that these police and agency investigators violated Dr. Pompy's rights and the rights of Dr. Pompy's patients. The State Defendants seek dismissal of the police and agency investigators claiming they are entitled to qualified immunity.

Government officials are entitled to qualified immunity where their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Green v. Reeves*, 80 F.3d 1101, 1104 (6th Cir. 1996) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is an initial threshold question the court is required to rule on early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.*

The Supreme Court in *Saucier* instituted a two-step sequential inquiry to determine qualified immunity. In *Pearson v. Callahan,* 555 U.S. 223 (2009), the Supreme Court abandoned the requirement that the inquiry must be performed sequentially. Although courts are free to consider the questions in whatever order is appropriate, the Supreme Court ruled that the two questions announced in *Saucier* remain good law and that it is often beneficial to engage in the two-step inquiry. *Pearson,* 555 U.S. at 236.

The first step of the two-step inquiry to determine qualified immunity is whether the plaintiff has established a *prima facie* case of a constitutional violation

by the defendant official.  *Saucier,* 533 U.S. at 201.  If no constitutional right was violated, there is no necessity for further inquiries concerning qualified immunity. *Id.*  If the alleged facts established a violation of the plaintiff's constitutional right, the next step is to determine whether the right was "clearly established" at the time of the violation.  *Id.*  The "clearly established" inquiry must take into consideration the specific context of the case, not as a broad general proposition, and whether a reasonable official understood that the action violated the plaintiff's constitutional right.  *Id; Parson v. City of Pontiac,* 533 F.2d 492, 500 (6th Cir. 2008)*.*  "Qualified immunity 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Chappell v. City of Cleveland*, 585 F.3d 901 (6th Cir. 2009) (citations omitted).  Once the defense of qualified immunity is raised, the plaintiff bears the burden of showing that a defendant is not entitled to qualified immunity.  *Roth v. Guzman*, 650 F.3d 603, 609 (6th Cir. 2011).

Liberally construing the complaints, the Court finds that Plaintiffs failed to allege any constitutional violations against Plaintiffs themselves by the Michigan police and regulatory agency investigators.  Plaintiffs generally allege that the Defendants improperly obtained search warrants and violated HIPAA, without specific factual allegations against specific defendants.  Plaintiffs did not comply with Rule 8 of the Rules of Civil Procedure by failing to show how a specific

Defendant violated a specific law or a constitutional right in a short and plain statement.

Plaintiffs' Fourth Amendment claims are generally based on the argument that the search and seizures of the patient records in Dr. Pompy's office were unconstitutional. The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." The "rights assured by the Fourth Amendment are personal rights, [which] … may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure." *Simmons v. United States,* 390 U.S. 377, 389 (1968). If a search warrant was not directed to the person alleging a Fourth Amendment violation, the documents seized were normal corporate records and not personally prepared by the person and not taken from the person's personal office, desk, or files, that person cannot challenge a search. Such a person has no reasonable expectation of privacy in materials he or she did not prepare and not located in the person's personal space. *United States v. Mohney,* 949 F.2d 1397, 1403-04 (6th Cir. 1991).

The constitutional claims against the Michigan police officers and regulatory agency investigators are dismissed since Plaintiffs failed to show they have standing to challenge any such searches or seizures. Plaintiffs failed to state any

constitutional violation claims against these state officials in their role in investigating Dr. Pompy.  Even if Plaintiffs are able to identify any constitutional violation, these Defendants are entitled to qualified immunity since Plaintiffs' constitutional rights, if any, to be free from any search and seizure of documents in Dr. Pompy's office are not clearly established.

### 7.  HIPAA

The State of Michigan Defendants argue that Plaintiffs do not have a private cause of action under HIPAA.  For the reasons set forth above, the HIPAA claims against the State of Michigan Defendants must be dismissed with prejudice since Plaintiffs do not have such a private cause of action.

## D. Monroe County Defendants

### 1.  Lack of Standing, HIPAA, § 1983 Claims

The Monroe County Defendants move to dismiss the claims against them for lack of factual support and clarity of the allegations.  They also claim that Plaintiffs lack standing to assert legal rights and interests of Dr. Pompy and/or his other patients.  Further, they argue that Plaintiffs' HIPAA claims must be dismissed because HIPAA does not provide such private cause of action.  As to any alleged § 1983 claims, the Monroe County Defendants argue that Monroe County is entitled to dismissal under *Monell* since a municipality cannot be held liable on a respondeat superior theory.  The Monroe County Defendants also seek dismissal based on

absolute immunity against the Monroe County judges and prosecutors. They also seek dismissal of the claims under federal law against individual Monroe County Defendants based on qualified immunity since there are no specific factual allegations of constitutional rights violations. As to the state law claims, the Monroe County Defendants argue that these must be dismissed because they are entitled to governmental immunity under Michigan law.

For the same reasons set forth above, the Court finds that Plaintiffs lack standing to assert legal rights and interests of Dr. Pompy and/or his other patients and Plaintiffs and there is no private cause of action under HIPAA. The Court further finds that as to any § 1983 claim, Monroe County is entitled to dismissal under *Monell,* that the Monroe County judges and prosecutors are entitled to absolute immunity and the individual Monroe County Defendants are entitled to governmental immunity. The Complaints are devoid of any specific factual allegations that these Defendants violated any of the Plaintiffs' constitutional rights.

### 2. State Law Claims

As to the Michigan state law claims, M.C.L. § 691.1407(5) provides:

(5) A judge, a legislator, and the elective or highest appointive executive official or all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

*Ross v. Consumers Power Co.,* 363 N.W.2d 641, 647 (1985) held that the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their legislative or executive authority. In *Odom v. Wayne County*, 760 N.W.2d 217, 223 (2008), the Michigan Supreme Court held that courts need to determine whether the individual is the highest-ranking appointed executive official at any level of government and if so then the individual is entitled to absolute immunity under M.C.L. § 691.1407(5). Assistant prosecuting attorneys are entitled to "quasi-judicial immunity" when their alleged actions are related to their role as prosecutor, such as seeking warrants or the introduction of evidence at trial or hearings. *See Payton v. Wayne County,* 137 Mich. App. 361, 371 (1984); *Bischoff v. Calhoun Co. Prosecutor,* 173 Mich. App. 802, 806 (1988).

M.C.L. § 691.1407(2) provides that an employee of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee or member while in the course of employment if the employee is acting within the scope of his or her authority, that the agency is engaged in a governmental function, and the employee's conduct does not amount to gross negligence that is the proximate cause of the injury or damages. In *Robinson v. Detroit*, 462 Mich. 439, 462 (2000), the Michigan Supreme Court held that governmental employees are entitled to immunity because their conduct was not "the one most immediate, efficient, and direct cause of the injury or damage." "Gross

negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. M.C.L. § 691.1407(8)(a).

Liberally construing the Complaints, the Court finds they lack specific allegations to avoid absolute and governmental immunity as to the state law claims alleged against the Monroe County Defendants. The Monroe County Sheriff and the Monroe County Judges are entitled to absolute governmental immunity under § 691.1407(5). The individual Monroe County Defendants are also entitled to governmental immunity under § 691.1407(2). Plaintiffs have failed to state any claims under Michigan law to avoid absolute and governmental immunity as to the Monroe County Defendants. The claims against the Monroe County Defendants must be dismissed.

### E. Monroe City Defendants

#### 1. No Factual Allegations, qualified and governmental immunities, HIPAA

The City of Monroe Defendants seek dismissal asserting that the complaints fail to allege any specific factual allegations against the Defendants in violation of the notice-pleading requirement under Rule 8 of the Rules of Civil Procedure. They further assert that the City of Monroe's Police Department is not a legal entity capable of being sued. *Boykin v. Van Buren Twp.,* 479 F3d. 444, 450 (6th Cir. 2007). The City of Monroe Defendants claim the federal claims under § 1983 must be dismissed since any claim against the City of Monroe is barred by *Monell* and the

individual City of Monroe Defendants are entitled to qualified immunity. As to the state law claims, the City of Monroe Defendants also assert dismissal based on governmental immunity. The City of Monroe Defendants further argue that the HIPAA claims must be dismissed since there is no private cause of action under HIPAA. The City of Monroe Defendants argue that they are entitled to dismissal of the CFAA claim since only vague references are alleged under this statute.

Again, in liberally construing the Complaints, the Court finds that Plaintiffs failed to allege any specific factual allegations against any of the City of Monroe Defendants. The Court further finds that the City of Monroe Police Department must be dismissed since it is not a legal entity capable of being used. As to the federal constitutional claims, the Court finds that the constitutional claims against individual officials of the City of Monroe Defendants must be dismissed for failure to state any constitutional violations. The Michigan state law claims must also be dismissed because the City of Monroe Defendants are entitled to governmental immunity. As noted above, the HIPAA claims against these Defendants must be dismissed since there is no private cause of action under HIPAA.

## 2. CFAA

The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.,* contains a provision for civil liability. 18 U.S.C. § 1030(g). Potential violations of the CFAA may be asserted against a person who: (i) "intentionally accesses a computer without

authorization or exceeds authorized access" to obtain information; (ii) knowingly and with intent to defraud" obtains access to a "protected computer without authorization, or exceeds authorized access," and commits fraud; or (iii) "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer...." 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4), 1030(a)(5)(A). Civil actions for violations of these provisions may be brought if certain types of harm result, including the loss of $5,000 within a year period. 18 U.S.C. § 1030(g); 18 U.S.C. § 1030(c)(4)(A)(I). Violations of §§ 1030(a)(2)(c) and (a)(4) require accessing a protected computer without authorization, or access in excess of authorization. See 18 U.S.C. §§ 1030(a)(2)(c) & (a)(4). Under § 1030(a)(4), a defendant must have furthered a fraudulent scheme and obtained something of value (or obtained over $5,000 worth of use out of the protected computer).

Liberally construing the Complaints, the Court finds that Plaintiffs failed to state claims under the CFAA. There are no specific factual allegations that the defendants accessed any of the *Plaintiffs'* personal protected computers. Plaintiffs cannot bring any challenges as to those who accessed Dr. Pompy's computers. Plaintiffs also failed to allege any facts that the computer was intentionally accessed without authorization or exceeded any authorized access to obtain information. Plaintiffs further failed to allege specific facts that the result of any such conduct

caused damage to a protected computer. There are no specific facts alleging that the Defendants furthered a fraudulent scheme and obtained something of value. The CFAA claims must also be dismissed.

## F. Insurance Company and Doctors and Providers Defendants

The Insurance Company Doctors and Providers Defendants argue that that Plaintiffs' HIPAA claims must be dismissed since there is no private cause of action under HIPAA. As noted above, the HIPAA claims against these Defendants must also be dismissed since there is no private cause of action under HIPAA.

## G. Miscellaneous Defendants

Defendant I-Patient Care seeks to dismiss the claims against it claiming that HIPAA provides no private cause of action, that HIPAA expressly authorizes the use of protected health information for law enforcement activities and fraud waste and abuse investigations, that the CFAA claim is insufficiently pled, that it is not a state actor so that the Fourth Amendment claim is inapplicable to it, that the conspiracy claims also fail and that the Complaints are deficient of facts under Rule 8 of the Rules of Civil Procedure.

Liberally construing the claims alleged by Plaintiffs, for the same reasons set forth above, the HIPAA claims are dismissed against Defendant IPC since there is no such private cause of action and HIPAA expressly authorizes the use of certain health information for law enforcement and fraud and abuse investigations. The

CFAA claim is also dismissed as insufficiently pled. Defendant IPC is not a state actor and therefore any § 1983 claim against it must be dismissed. *See Gottfried v. Med. Planning Serv.,* 280 F.3d 684, 691-92 (6th Cir. 2002). As noted above, the Complaints fails to state sufficient facts for a defendant to have notice as to the claims against it as required under Rule 8 of the Rules of Civil Procedure.

## III. AMENDMENT OF COMPLAINTS

Some of the Plaintiffs may seek to amend their Complaints.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend in cases of undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendment previously allowed or futility. *Foman v. Davis,* 371 U.S. 178, 184 (1962). If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

Here, any amendment of the Complaints would be futile since any claim cannot withstand a Rule 12(b)(6) motion. There is no private cause of action under HIPAA, Plaintiffs cannot file any claims on behalf of Dr. Pompy or any of his

patients, and the Defendants are entitled to absolute, qualified or governmental immunity.

## IV. DISCOVERY

Some of the documents filed by Plaintiffs appear to seek discovery. Where a party files a Rule 12(b) motion, and where the district court accepts a plaintiff's allegations as true, but concludes that those allegations are insufficient as a matter of law, it is not an abuse of discretion to limit discovery *sua sponte*. *Flaim v. Medical College of Ohio*, 418 F.3d 629, 643 (6th Cir. 2005). Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion. *Id.* The district court does not abuse its discretion in limiting discovery pending its resolution of a 12(b)(6) motion. *Id.* at 644.

In these cases, discovery is not required since Plaintiffs failed to state any claim against any of the Defendants upon which relief may be granted.

## V. SUBSEQUENT CASES FILED AND CONSOLIDATED

As noted by this Court's February 20, 2019 Order, any new and related cases filed and reassigned to the undersigned would be consolidated. The Court has reviewed motions to dismiss and removed cases subsequently filed by the Defendants since the hearing was held in this matter in April 2019. The same arguments are raised in the various motions to dismiss that are addressed in this

Opinion. Accordingly, the Court finds that for the same reasons set forth in this Opinion, those motions are also granted.

Regarding the cases newly-removed and consolidated where no motions to dismiss have been filed, the claims in those cases are summarily dismissed for failure to state a claim upon which relief may be granted for the reasons set forth above.

## VI.    CONCLUSION

For the reasons set forth above, the Court finds Plaintiffs have failed to state any claim upon which relief may be granted in any of their Complaints.

Accordingly,

IT IS ORDERED that the various Defendants' Motions to Dismiss and/or Strike Amended Complaints (ECF Nos. 5, 15, 21, 32, 33, 36, 37, 40, 44, 45, 46, 47, 48, 49, 50, 54, 55, 56, 57, 58, 155, 156, 175, 233, 235, 241, 246, 247, 546, 549, 551, 553, 554, 557, 569, 578, 651, 660, 681, and 720) are **GRANTED**.

IT IS FURTHER ORDERED that all the Defendants in all the consolidated cases are **DISMISSED** with prejudice.    All of the Consolidated Cases are **DISMISSED** with prejudice:

- 18-12634, Micks -Harms v. Nichols (LEAD CASE);
- 18-13206, Nichols v. Nichols;
- 18-13639, Helm v. Arnold;
- 18-13647, Helm v. Nichols;
- 19-10125, Cook v. William;
- 19-10126, Cook v. Nichols;
- 19-10132, Cook v. Nicols;

- 19-10135, Cook v. Nicols;
- 19-10295, Blakesley v. Blue Cross;
- 19-10299, Blakesley v. Nichols;
- 19-10639, Clark v. Nichols;
- 19-10648, Berry v. Nichols;
- 19-10649, Mills v. Nichols;
- 19-10661, Knierim v. Nichols;
- 19-10663, Johnson v. Nichols;
- 19-10785, Drummonds v. Nichols;
- 19-10841, Smallwood v. Nichols;
- 19-10984, Zureki v. Nichols;
- 19-10990, Jennifer v. Nichols;
- 19-10995, Smith v. Nichols;
- 19-11980, Nichols v. Blue Cross;
- 19-11984, Micks-Harm v. Blue Cross;
- 19-12251, Billings v. Nichols;
- 19-12266, Jennings v. Nichols;
- 19-12369, Mills v. Blue Cross;
- 19-12385, Zureki v. Nichols.

IT IS FURTHER ORDERED that the Plaintiffs' various Motions to Amend/Correct, to find obstruction of justice, for directed verdict, for discovery and inspection, for entry of default or for default judgment, finding under the Criminal Justice Act, to enjoin the DEA de facto regulation of the practice of medicine, etc. (ECF Nos. 7, 25, 60, 63, 68, 159, 177, 187, 228, 256, 258, 260, 271, 288, 294, 296, 300, 304, 309, 324, 328, 330, 332, 336, 342, 348, 369, 375, 383, 391, 394, 402, 406, 414, 434, 450, 451, 452, 453, 454, 455, 461, 462, 463, 464, 465, 466, 467, 468, 485, 497, 498, 499, 500, 501, 503, 507, 510, 511, 528, 539, 540, 571, 588, 676, 677, 678, 679, 680, 687, 702, 703, 705, 710, and 739) are **DENIED as MOOT** in light of the dismissal of all the claims alleged in all of the Complaints.

IT IS FURTHER ORDERED that Leon Pedell's Motion to Quash Service (ECF No. 398) is **GRANTED**, the Court finding Dr. Pedell has not been properly served. Even if Dr. Pedell was properly served, in light of the ruling that all Defendants are DISMISSED with prejudice because Plaintiffs have failed to state a claim upon which relief may be granted, Dr. Pedell is also DISMISSED with prejudice from any of the Complaints where he is named as a Defendant.


s/Denise Page Hood
DENISE PAGE HOOD
Chief United States District Judge

DATED: September 30, 2019