UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRACY CLARE MICKS-HARMS, et al.,**

    **Plaintiffs,**

v.

**WILLIAM PAUL NICHOLS, et al.,**

    **Defendants.**

_____/

Lead Case No. 18-12634
CONSOLIDATED CASES
Hon. Denise Page Hood

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANTS' MOTION TO ENJOIN
## STATE AND FEDERAL COURT FILINGS BY PLAINTIFFS

Before the Court is the Blue Cross Defendants' Motion to Enjoin Future State and Federal Court Filings By Plaintiffs, joined by other Defendants in this matter. (ECF Nos. 556, 560, 561, 562, 565, 573) Responses (ECF Nos. 579, 580, 585, 586, 591, 592, 673, 674, 675, 692) and a reply (ECF No. 661) have been filed. Defendants seek to enjoin Plaintiffs from initiating new actions that utilize the state and federal court systems to harass and annoy Defendants, now at over 50 named-Defendants.

The various actions filed by various Plaintiffs, consolidated in this action, stem from investigations initially by Blue Cross, the Michigan licensing authorities and then State and Federal criminal investigations against Lesly Pompy, M.D., which

resulted in an Indictment in *United States v. Pompy*, Case No. 18-20454 (E.D. Mich.) (Assigned to the Hon. Arthur J. Tarnow). Dr. Pompy was indicted on June 26, 2018 with 22 counts of Distribution of Controlled Substances, Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

In August 2018, Dr. Pompy's former patients began filing actions before the Monroe County Circuit Court, State of Michigan, alleging various claims, including violations under the Fourth Amendment, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and 18 U.S.C. § 1347 (health care fraud). To date, 26 cases have been consolidated in this action. See, Opinion and Order, ECF No. 743, PageID.9802-03.

The Defendants identified in the various cases filed and removed to this District include: Federal Defendants (the United States Attorney, Assistant United States Attorneys, District and Magistrate Judges, DEA Agents and Manager, DEA Administrative Law Judge); Monroe County Defendants (the Sheriff, Deputy Sheriffs, the Monroe Area Narcotics Team and Investigative Services, the Prosecutor and Assistant Prosecutors, Judges (Circuit, District and Magistrate)); the City of Monroe Defendants (the City of Monroe, the Monroe Police Department, police officers and detectives, MANTIS); the State Defendants (The Administrative Hearing System, the

Bureau of Licensing and Regulation, the Michigan Automated Prescription System, the former and current Attorney Generals, Assistant Attorney Generals, the Michigan State Police and Troopers and Detectives, employees with the Michigan Department of Licensing and Regulatory Affairs); Various related insurance companies (Blue Cross Blue Shield of Michigan Mutual Insurance Company, its related entities, employees and contractors (including doctors reviewing claims)); Electronic Health Records Vendor (IPC and its Chief Executive Officer); a bank and its officers.

The instant action is the lead case in cases consolidated by this Court as of September 30, 2019[1] filed by various Plaintiffs, former patients of Dr. Pompy as

---

[1] The twenty-six (26) consolidated cases to date are:
- 18-12634, Micks -Harms v. Nichols (LEAD CASE);
- 18-13206, Nichols v. Nichols;
- 18-13639, Helm v. Arnold;
- 18-13647, Helm v. Nichols;
- 19-10125, Cook v. William;
- 19-10126, Cook v. Nichols;
- 19-10132, Cook v. Nicols;
- 19-10135, Cook v. Nicols;
- 19-10295, Blakesley v. Blue Cross;
- 19-10299, Blakesley v. Nichols;
- 19-10639, Clark v. Nichols;
- 19-10648, Berry v. Nichols;
- 19-10649, Mills v. Nichols;
- 19-10661, Knierim v. Nichols;
- 19-10663, Johnson v. Nichols;
- 19-10785, Drummonds v. Nichols;
- 19-10841, Smallwood v. Nichols;
- 19-10984, Zureki v. Nichols;
- 19-10990, Jennifer v. Nichols;
- 19-10995, Smith v. Nichols;
- 19-11980, Nichols v. Blue Cross;
- 19-11984, Micks-Harm v. Blue Cross;
- 19-12251, Billings v. Nichols;
- 19-12266, Jennings v. Nichols;

3

noted above. The Court has now issued an Opinion and Order finding Plaintiffs' claims fail to state upon which relief may be granted and dismissing the all of the Defendants in all consolidated cases. This Court found that Plaintiffs are attacking the appropriateness of the searches and seizures of documents and records relating to Dr. Pompy's practice. The Court further found that Plaintiffs failed to state a claim upon which relief may be granted as to any Fourth Amendment constitutional claims, any HIPAA violation, any Computer Fraud Act claims.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. In certain circumstances an order may be entered that restrains not only an individual litigant from repetitive complaints, but "that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Id.* A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be

---

- 19-12369, Mills v. Blue Cross;
- 19-12385, Zureki v. Nichols.

4

applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. *See e.g.*, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

The All Writs Act provides Article III courts generally "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act should be used "sparingly and only in the most critical and exigent circumstances." *Wisc. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004). As to a federal court's authority to enjoin state court proceedings under the All Writs Act, the Anti-Injunction Act provides that federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Sixth Circuit has held that the "in aid of jurisdiction" exception applies only in "two scenarios: where the case is removed from state court, and where the federal court acquires *in rem* or *quasi in rem* jurisdiction over a case

involving real property before the state court does." *Martingale LLC v. City of Louisville,* 361 F.3d 297, 302 (6th Cir. 2004). "[A] simultaneous *in personam* state action does not interfere with the jurisdiction of a federal court in a suit involving the same subject matter." *Roth v. Bank of the Commonwealth,* 585 F.3d 527, 535 (6th Cir. 1978). Where a case is "not an *in rem* action and was not removed from state court," it is merely "a parallel *in personam* action in state court." Sixth Circuit precedents "plainly prohibit injunctive relief" in such a situation. *In re Life Investors Ins. Co. of America,* 589 F.3d 319, 330 (6th Cir. 2009).

As noted above, twenty-six cases were consolidated based on similar complaints filed by various Plaintiffs who are former patients of Dr. Pompy. Although the Court found in its Opinion and Order that Plaintiffs' complaints failed to state claims upon which relief may be granted, the Court will not currently impose pre-filing restrictions on any new Complaints involving Dr. Pompy's patients at this time. Prior to the Court's Opinion and Order, there was no ruling from the Court that the allegations related to the closing of Dr. Pompy's office and/or the arrest of Dr. Pompy failed to state any claim upon which relief may be granted. Since the Court's ruling, the Plaintiffs and potential Plaintiffs now have a ruling that those allegations are not viable claims.

At this time, the Court will not enter an order imposing a prefiling requirement

on the current Plaintiffs or any potential Plaintiffs. Plaintiffs are subject to Rule 11(b) of the Rules of Civil Procedure which provides that an attorney or *unrepresented party* certifies that a pleading, written motion, or other paper filed "is not being presented for any improper purpose, such as to harass ..., are warranted by existing law or by a nonfrivolous argument ..., [and] the factual contentions have evidentiary support ..." Fed. R. Civ. P. 11(b). Plaintiffs and potential Plaintiffs are now on notice that any new complaints filed before this Federal District Court related to Dr. Pompy's arrest are subject to dismissal for failure to state a claim upon which relief may be granted.

As to any Complaints filed in State Court, the Court cannot enjoin or place any limits on a plaintiff filing a case in the State Courts if the case is not an *in rem* case involving real property. Only when a defendant removes the matter to federal court does the Court have any authority to review a new Complaint, which may then be subject to dismissal for failure to state a claim upon which relief may be granted.

Accordingly,

IT IS ORDERED that Defendants' Motion to Enjoin Future State and Federal Court Filings By Plaintiffs (ECF No. 556) is DENIED without prejudice.

*s/Denise Page Hood*
Chief Judge, United States District Court

DATED: October 30, 2019